CARTWELL, FOR THE USE OF HOUSTON, *against* MENIFEE.

### ERROR *to Conway Circuit Court.*

Every attorney regularly licensed, and duly admitted to practice in the courts of this State, possesses a general license to appear in those courts for any suitors who may retain him: but his license is not of itself an authority to appear for any particular person, until he is in fact employed by or retained for him.

But his authority to appear cannot be legally questioned, until facts or circumstances are shown, by affidavit, or otherwise, sufficient to raise a legal presumption that he is not authorized to appear.

Where A. sues for the use of B. and the facts are that the attorney appearing for the plaintiff knew nothing of A., nor where he. resided, that he appeared for B. by retainer of B., that B. had possession of the instrument sued on, and filed it, that the Constable had receipted to C. for it, as received by his hands of A., and that the receipt was assigned by C. to B., the legal presumption is that B. was the bona fide holder of the instrument, and equitably entitled to its proceeds.

And this presumption being in no way impugned, the admission that the attorney was retained by B., shows a sufficient legal authority in him to appear.

This suit was founded on a writing obligatory, purporting to have been made by *Nathaniel H. Buckley* and *N. Menifee,* payable to *H. R. Cartwell,* in whose name it was commenced and prosecuted, for the use of *John L. Houston,* before a Justice of the Peace, who rendered a judgment upon it against the defendant in error, from which he appealed to the Circuit Court, and while the case was there pending, obtained a rule upon John Linton, an attorney at law, representing the plaintiff in the case in that court, to produce his authority from the plaintiff to prosecute the suit, and an order that the same should be dismissed, if such authority was not produced on or before the second day of the next term, and that in the meantime all further proceedings in the case be stayed. The rule and order were founded solely upon a statement, on oath, made by Linton in the case, on the hearing of a motion for a rule on the plaintiff to file a bond and security for the costs of this suit, that he did not know where Cartwell resided, whether in Arkansas or Nashville, and that he knew nothing about him. Linton, after the rule was made, appeared in court, in response, and stated that he was a practising attorney in that court, and that he appeared there for John L. Houston, which was admitted; he also admitted that he knew nothing of Cartwell; and moved the

Cartwell *against* Menifee.

court to set aside the rule, and discharge him from it; but the court refused to set aside or discharge the rule, and the case stood continued until the next term of the court. At that term, when the case was called, he produced a receipt, signed by a Constable, acknowledging the receipt of the writing obligatory sued on, for collection, and stating that it was received by the hand of A. Wallace, of H. R. Cartwell, with the following endorsement on the back of it, " for value received, I assign this receipt to John L. Houston;" signed, " *A. Wallace;*" and thereupon again moved the court to discharge the rule, which was refused by the court, the case dismissed, and judgment rendered against the plaintiff for costs in that as well as in the Justice's court.

BLACKBURN, for plaintiff in error:

The court had no power to call upon any regularly authorized practising attorney for his authority to prosecute a suit. His license is a general authority; and the presumption always is when he appears in the prosecution or defence of a suit that he does so legally and professionally. See *Acts of* 1836, *p.* 162; *Tidd's Prac.* 106; *Tally vs. Reynolds*, 1 *Ark. Rep.* 99; 3 *Taunt.* 486; 1 *Salk* 86, 88; 1 *Chit. Rep.* 142, 191; *Com. Dig., acting attorneys; Jackson vs. Stewart*, 6 *J. R.* 37; *Denton vs. Stokes*, 6 *J. R.* 302; 2 *Str.* 693.

The defendant in error had fully appeared by his counsel to this action, specially when he moved for security for costs, which was a waiver of all irregularities complained of. See *Tidd's Prac.* 64.

The defendant in error having brought the appeal from the Justice to the Circuit Court, was plaintiff in appeal in the Circuit Court, and whether the appellee had appeared or not, he could only dismiss his own appeal or go into the merits of the case. *Ter. Dig., Justices of the Peace, sec.* 60, 61; *Tally vs. Reynolds*, 1 *Ark. Rep.* 99.

FOWLER, *Contra:*

RINGO, *Chief Justice*, delivered the opinion of the Court:

The question to be decided is, whether the rule upon Linton, to produce his authority to prosecute the suit was authorized by law, and

45

if so, whether the authority produced by him, was legally sufficient for that purpose? In the case of *Tally vs. Reynolds*, 1 *Ark. Rep.* 99, this court recognized the principle that every attorney regularly licensed and duly admitted to practice in the courts of this State, possesses by virtue of his license and admission, a general right to appear, for any of the suitors in the courts where he is admitted to practice, who may retain him for that purpose: but his license is not of itself an authority to appear as the representative of any particular person, until he is in fact employed or retained for such person. Yet his authority to represent any suitor on whose behalf he may appear cannot be legally questioned, until facts or circumstances are shown by affidavit, or otherwise, sufficient to raise a legal presumption that he is not legally authorized to appear for the party he assumes to represent. Whenever this appears affirmatively the attorney may be legally required to produce his authority to appear for, or in the place of such party, otherwise he cannot. But the facts and circumstances disclosed by the record before us, do not, in our opinion, warrant a presumption that the attorney, Linton, had no legal authority to appear for the plaintiff, and prosecute this suit; because, it appears affirmatively from the record, that this suit is prosecuted for the use of Houston, and that the " plaintiff produced and filed his writing obligatory" in the Justice's Court, as he was bound by law to do, which facts warrants the legal presumption that Houston is the *bona fide* holder of the obligation, and equitably entitled to the avails thereof, notwithstanding it does not appear to have been endorsed and assigned to him by the payee, and this presumption is not repelled by any testimony, proving, or in any wise conducing to prove, that he obtained the possession thereof fraudulently or unlawfully; and therefore the rule upon the attorney to produce his authority to prosecute the suit was wholly unauthorized by law; and inasmuch as the legal presumption that Houston is the *bona fide* holder of the obligation in suit, is not in any manner impugned by any thing appearing in the record, or even questioned by the defendant, although the statement upon which the rule against the attorney is based, is set out entire in the record, consequently his right to sue in the name of Cartwell, the payee, must be conceded; and upon this state of the case, the allegation of the

Cartwell *against* Menifee.

attorney that he was retained by and appearing on behalf of Houston, when admitted to be true, as it appears to have been on his motion to discharge the rule, showed a sufficient legal authority for his appearance in and prosecution of the suit, in the name of Cartwell, and thereupon the rule against him ought to have been discharged, and he suffered to proceed in the case according to law, as the attorney for the plaintiff. We are therefore of the opinion that the court erred in entering the rule against the attorney representing the plaintiff requiring him to discharge said rule upon the authority shown by him, and also in dismissing the suit, as upon the ground of a failure on his part to produce any legal authority to appear and prosecute the same for the plaintiff; wherefore the judgment of the Circuit Court is reversed.